# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TERRELL MICKLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. A. NO. 22-0129-TFM-MU |
| | ) |
| ALFA INSURANCE COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

This action is before the Court on *pro se* Plaintiff Terrell Mickles's Complaint, which he filed in this Court on March 18, 2022. (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S) for appropriate action. (Doc. 2). Because Plaintiff has failed to pay the filing fee, failed to file a motion to proceed without the prepayment of fees and to refile his complaint as ordered by this Court on April 1, 2022, it is recommended that this action be dismissed without prejudice.

On April 1, 2022, Plaintiff was ordered to pay the filing fee of $402.00 or to file a motion to proceed with prepayment of the fee on the Court's form by May 2, 2022. (Doc. 3). Plaintiff was also ordered to refile his complaint to cure the deficiencies in his original complaint by the same date. Plaintiff was advised that failure to comply with the Court's Order on or before May 2, 2022, would result in his action being dismissed without prejudice for failure to prosecute and follow the Court's order. (Doc. 3 at p. 2).

Plaintiff has not paid the filing fee or a motion to proceed without the prepayment of fees, nor has he refiled his complaint as directed. Therefore, upon consideration of

the alternatives that are available to the Court, it is **RECOMMENDED** that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this **18th** day of **May, 2022**.

                                              /s/ P. Bradley Murray
                                              **UNITED STATES MAGISTRATE JUDGE**